## ELIN LARSEN *v.* MARY NEW ET AL.

Superior Court, Judicial District of Litchfield—File No. CV02-0086711S

Memorandum filed November 13, 2002

*Moore, O'Brien, Jacques & Yelenak*, for the plaintiff.

*Howard, Kohn, Sprague & Fitzgerald*, for the named defendant and the defendant Progressive Northwestern Insurance Company.

FRAZZINI, J. The objection by the plaintiff, Elin Larsen, to the request by the named defendant, Mary New, for an independent medical examination pursuant to General Statutes § 52-178a requires this court to

reconsider how to reconcile the contradictory sentences of that statute which provides: "In any action to recover damages for personal injuries, the court or judge may order the plaintiff to submit to a physical examination by one or more physicians or surgeons. No party may be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to the court or judge." The first sentence of § 52-178a seemingly authorizes the court to order a physical examination that the second sentence of § 52-178a authorizes a plaintiff to refuse.

Lacking binding appellate authority to resolve this conundrum, the trial courts have taken several approaches to interpreting the statute.[1] Two well reasoned opinions of late stand out: *Wallace* v. *Commerce Properties, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV95 377552 (November 24, 1999) (*Alander, J.*), and *Privee* v. *Burns*, 46 Conn. Sup. 301, 749 A.2d 689 (1999).

In *Privee*, the court concluded that § 52-178a gives plaintiffs an absolute right to refuse to undergo a physical examination, but that such a refusal would subject a plaintiff to cross-examination and comment by opposing counsel to the jury on that refusal. *Privee* v. *Burns*, supra, 46 Conn. Sup. 335–36. If, moreover, obdurate and repeated refusals to consent to a medical examination prevent a defendant from obtaining an independent medical examination by a qualified practitioner, then the court might preclude the plaintiff as well from presenting expert evidence. Id., 336–37.

In *Wallace*, the court also agreed that the second sentence of § 52-178a gave a plaintiff the absolute right not to be compelled to undergo a physical examination. *Wallace* v. *Commerce Properties, Inc.*, supra, Superior Court, Docket No. CV95 377552. The *Wallace* court also

---

[1] See, e.g., *Privee* v. *Burns*, 46 Conn. Sup. 301, 749 A.2d 689 (1999), where the court discusses many of the divergent trial bench decisions.

held, however, that the first sentence of § 52-178a authorized a court to enter an order granting a defendant's request for such an examination. Id. Its escape from the seeming quandary posed by taking both steps was to hold that "the court has the authority to consider the nature and circumstances of the defendant's request for an examination and the reasons for the plaintiff's objection and enter whatever order as is just, including overruling the plaintiff's objection to a particular physician. The court can not, however, physically compel the plaintiff to submit to an examination by a physician whom he objects to in writing. Rather, the court may impose sanctions in accordance with Practice Book § 13-14 should the plaintiff fail to comply with a court order to undergo a physical or mental examination." Id.

Although the courts in *Privee* and *Wallace* disagree about the significance of the statute's legislative history and whether a plaintiff objecting to a medical examination must have a "good faith" or reasonable basis for objecting to a particular medical examiner, the ultimate effect of both court's decisions was similar. Under either court's approach, a plaintiff objecting to an independent medical examination may effectively thwart a defendant from obtaining such an examination; but in doing so, a plaintiff subjects itself to the possibility of sanctions that may just as effectively prevent it from prosecuting its case as that refusal hinders its opponent's ability to defend.

This court finds the *Wallace* approach equally faithful to the legislative language and history as *Privee* and more practical. Accordingly, the court will follow the *Wallace* court approach and consider the plaintiff's stated reason for opposing this particular medical examiner. The proffered reason for the named defendant's objection is that this particular medical examiner "cannot be fair and objective in his evaluation [or] . . . offer an unbiased opinion [because] . . . he routinely

performs examinations on behalf of defendants." This court joins the *Wallace* court in concluding that it "is unreasonable to prohibit the defendants from selecting a physician solely because the physician has performed examinations in the past for insurance companies involved in litigation. . . . The performance of past work for insurance companies does not in and of itself make a physician biased or untrustworthy. Any issues of bias or interest with respect to a particular physician are more appropriately left for elucidation at trial." *Wallace* v. *Commerce Properties, Inc.*, supra, Superior Court, Docket No. CV95 377552.

The court concurs with the holding in *Wallace*, however, that the second sentence of § 52-178a precludes the court from issuing an order compelling the plaintiff to undergo an examination by Victor E. Ylangan, a physician. Instead, if the plaintiff persists in that refusal, the defendants may move the trial court for an order of sanctions against the plaintiff, which may include cross-examination, comment by counsel to the jury about that refusal, exclusion of expert testimony from the plaintiff, or other sanctions that court may find reasonable and appropriate under the circumstances.

The plaintiff's objection to the named defendant's request for a physical examination of the plaintiff by Ylangan is hereby overruled. In accordance with Practice Book § 13-11 (b), the defendants shall file a request specifying the time, place, manner, conditions and scope of the examination to be conducted by Ylangan.